IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | Case No. 2:22-cv-3919 |
| Plaintiff, | : | |
| | : | Judge Sargus |
| vs. | : | |
| | : | Magistrate Judge Jolson |
| FAIRFIELD MEDICAL CENTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### PLAINTIFF JANE DOE'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Now comes Plaintiff Jane Doe, by and through her counsel, and respectfully requests that this Court grant her leave to proceed anonymously under the pseudonym of "Jane Doe." The circumstances of this case are such that requiring Plaintiff to proceed under her name would disclose information of the utmost personal intimacy. Further, strong public interest favors permitting victims of sexual harassment to protect their identities in these circumstances. In compliance with S.D. Ohio Local R. 7.3, Plaintiff's counsel has consulted with counsel for Defendant to inquire as to whether Defendant opposes this Motion. Counsel has indicated that Defendant opposes this Motion.

        Respectfully submitted,

        /s/ Rachel Sabo Friedmann
        Rachel Sabo Friedmann (0089226)
        *Rachel@TheFriedmannFirm.com*
        Peter G. Friedmann (0089293)
        *Pete@TheFriedmannFirm.com*
        The Friedmann Firm LLC
        (614) 610-9757
        3740 Ridge Mill Drive
        Hilliard, OH 43026

        *Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

**I.    Introduction & Background**

Plaintiff initiated this action on November 7, 2022. (Complaint, Doc. No. 1). In her Complaint, Plaintiff alleges claims of sexual harassment – hostile work environment and retaliation against her former employer, Defendant Fairfield Medical Center. (Doc. No. 1). The allegations contained in Plaintiff's complaint allege details of stalking, sexual harassment and emotional trauma experienced by Plaintiff at the hands of Defendant's employee, Dr. Buckley Fechter. (See Doc. 1 generally). Because of the detailed and intimate nature of Plaintiff's allegations, Plaintiff wishes to proceed anonymously. Currently, Defendant and its counsel are aware of Plaintiff's identity. Permitting Plaintiff to proceed anonymously will shield Plaintiff from having to disclose details of the utmost personal intimacy and will cause no prejudice to Defendant.

**II.    Law and Argument**

Fed. R. Civ. P. 10(a) provides that a complaint must generally state the names of all parties. However, the Court has the discretion to permit parties to refrain from identifying themselves in some circumstances, and instead, proceed anonymously under a pseudonym. Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." NMIC Ins. Co. v. Smith, 2018 U.S. Dist. LEXIS 224759 *3; 2018 WL 7859755 (S.D. Ohio October 24, 2018) (citing Malibu Media, LLC v. Doe, 2015 U.S. Dist. LEXIS 113200, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015)).

In making the determination as to whether a litigant's privacy interests outweigh the presumption in favor of open access to court proceedings, the Sixth Circuit has identified several factors to consider, including:

>    (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

Porter, 370 F.3d at 560 (citing Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981)).  In this case, the second factor in Porter is implicated.

### A. Plaintiff would be required to disclose information of the utmost intimacy if not permitted to proceed anonymously.

Due to the nature of Plaintiff's claims and the allegations contained in the Complaint, this action will require Plaintiff to reveal particularly sensitive information of a sexual nature that would lead to public embarrassment and affect her professionally.  Should any person or any potential employer search for this case, this information would be available.  Plaintiff has already endured this type of treatment and does not wish to have it be available to the public unless absolutely necessary, predominantly because of the emotional distress she has experienced because of it, coupled with the fact that the allegations are intimate and embarrassing.  Plaintiff was hesitant to even pursue this claim because of the fact that it could affect her professionally moving forward but she does not want this same type of thing to happen to anyone else.

This Court has emphasized that requiring a plaintiff to reveal this sort of information publicly could subject her to discrimination, harassment, and embarrassment.  See NMIC Ins. Co., 2018 U.S. Dist. LEXIS at *4.  For that reason, this Court, along with courts throughout the country, have recognized that the privacy interests of plaintiffs alleging similar claims outweigh the presumption in favor of openness.  See e.g., A.M.S. v. Steele, 2011 U.S. Dist. LEXIS 52948 *3 (S.D. Ohio May 17, 2011) (granting the plaintiff's request to proceed anonymously when plaintiff alleges she was coerced to perform sexual favors for the defendant, and noting that requiring her to disclose her identity would expose her to public embarrassment and humiliation); K.G. v. Bd.

of Educ., 2019 U.S. Dist. LEXIS 158674 *9; 2019 WL 4467638 (E.D. Ky September 18, 2019) (granting request for anonymity and noting that "this suit forces Plaintiffs to reveal particularly sensitive information of sexual nature that could subject them to considerable harassment."); Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa 2001) (granting anonymity request to plaintiff alleging sexual assault). This consideration weighs in favor of permitting Plaintiff to proceed anonymously. Here, Plaintiff would undoubtedly have to reveal sensitive information of a sexual nature that could not only subject her to considerable harassment, but also extreme embarrassment and humiliation. There is no argument that protecting her identity would cause prejudice to Defendant. It knows her identity, as does its counsel.

      **B.**     **Strong public interest favors protecting victims of sexual harassment in similar circumstances.**

Additionally, the public interest weighs in favor of permitting Plaintiff to proceed anonymously so that other potential victims will not be deterred from coming forward. NMIC Ins. Co., 2018 U.S. Dist. LEXIS at *4 (citing Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (noting that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"). Further, Plaintiff has alleged that Dr. Fechter has been accused of sexual harassment of at least one other female employee of Defendant in the past. Requiring Plaintiff to disclose her identify would only serve to make it less likely that any other females who have not yet come forward to allege similar claims against Dr. Fechter will do so in the future.

      **C.**     **Allowing Plaintiff to proceed anonymously under a pseudonym will cause no foreseeable prejudice.**

If this Court permits Plaintiff to proceed under a pseudonym (Jane Doe), Defendant will not experience prejudice. During pre-suit discussions between Plaintiff's counsel and counsel for

Defendant, Defendant and its counsel became aware of Plaintiff's true identity. The parties are still able to fully litigate this case without publicly disclosing Plaintiff's identify other than to the Court, counsel, the parties to this action, and to witnesses or experts on an as-needed basis only.

Each of these considerations weighs in favor of permitting Plaintiff to proceed anonymously. Thus, the Court should grant the instant motion.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court grant her Motion for Leave to Proceed Anonymously under the pseudonym "Jane Doe" in place of her true identity.

Respectfully submitted,

/s/ Rachel Sabo Friedmann_____
Rachel Sabo Friedmann (0089226)
*Rachel@TheFriedmannFirm.com*
Peter G. Friedmann (0089293)
*Pete@TheFriedmannFirm.com*
The Friedmann Firm LLC
(614) 610-9757
3740 Ridge Mill Drive
Hilliard, OH 43026

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2022, a copy of Plaintiff's Motion for Leave to Proceed Anonymously was filed electronically. A copy of this Motion was also sent via electronic email to counsel for Defendant.

/s/ Rachel Sabo Friedmann_____
Rachel Sabo Friedmann (0089226)

Case: 2:22-cv-03919-EAS-KAJ Doc #: 5 Filed: 11/09/22 Page: 6 of 6  PAGEID #: 44