IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | : |
| Plaintiff, | : Case No. 2:22-CV-3919 |
| v. | : Judge Edmund A. Sargus, Jr. |
| FAIRFIELD MEDICAL CENTER, | : |
| Defendant. | : Magistrate Judge Kimberly A. Jolson |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Defendant Fairfield Medical Center ("Defendant") hereby files its Memorandum in Opposition to Plaintiff's Motion For Leave to Proceed Anonymously ("Plaintiff's Motion"). As more fully explained below, the Court should deny Plaintiff's Motion because Plaintiff's alleged privacy interests in this matter do not outweigh the strong presumption of open judicial proceedings.

## I. RELEVANT BACKGROUND

Plaintiff, a female and recent medical residency graduate, brings this action against her former employer, Defendant, alleging claims of sexual harassment and retaliation under federal and state law, and claims of "deliberate indifference" and retaliation under Title IX. (*See generally,* Plaintiff's Complaint (Doc. #1).) Plaintiff seeks to proceed anonymously in this case, and claims that her allegations of "stalking, sexual harassment, and emotional trauma" support her request. (Pl. Mtn, at p. 2.)

## II. LAW AND ARGUMENT

### A. Legal Standard

As a general rule, a complaint must state the names of all parties. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), citing Fed. R. Civ. P. 10(a). "Proceeding pseudonymously is the

exception rather than the rule, and plaintiff faces a 'heavy burden' to avoid her obligation under the rules of civil procedure to disclose her identity." *Doe v. Warren Cnty., Ohio*, No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, 2013 WL 684423, at *2-3 (S.D. Ohio Feb. 25, 2013). Under certain circumstances, courts may allow a party to proceed anonymously if the plaintiff's privacy interests substantially outweigh this presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 560. When considering whether an exception is warranted, courts in the Sixth Circuit consider the following: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the lawsuit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Id*. Courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity. *Doe v. Univ. of Pittsburgh*, Case No. 1:17-cv-213, 2018 U.S. Dist. LEXIS 41436, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)).

Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff proceeding anonymously. *See Doe v. Fedex Ground Packaging Sys*., M.D. Tenn. No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324, at *16, citing *Plaintiff v. Wayne State Univ*., No. 20-CV-11718, 2021 U.S. Dist. LEXIS 12675, 2021 WL 243155, at *7 (E.D. Mich. Jan. 25, 2021). The mere possibility of embarrassment or public humiliation, without more, does not justify anonymity. *Id*., *Doe v. Fedex Ground Packaging Sys*., quoting *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 U.S. Dist. LEXIS 119989, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021),

(quoting *Doe v. McLellan*, No. CV 20-5997 (GRB) (AYS), 2020 U.S. Dist. LEXIS 232551, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020)); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) ("allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym").

The circumstances in this case fall woefully short of justifying Plaintiff's anonymity, and allowing Plaintiff to proceed anonymously would significantly prejudice Defendant in myriad ways.

### B. Alleged Facts Do Not Satisfy Standard For Proceeding Anonymously.

In her Motion, Plaintiff claims she would be forced to "reveal sensitive information of a sexual nature that could…subject her to considerable harassment." She also claims the case will require her to reveal "information of a sexual nature that would lead to public embarrassment and affect her professionally." (Pl. Mtn., at p. 3.)

First, Plaintiff is no longer employed by Defendant, having successfully graduated from its 3-year residency program in June 2022. (*See* Doc. #1, ¶124, referring to Plaintiff as a "graduate"). Defendant is well aware of Plaintiff's identity, as she previously identified herself by name in the Charge of Discrimination she filed against Defendant, and in correspondence from her counsel to Defendant prior to filing the Charge. It is unclear how Plaintiff faces even the possibility of harassment by identifying herself in this lawsuit, let alone "considerable harassment."

In weighing the factors considered by courts, ***none*** tip in favor of deviating from the rule in this case. Plaintiff is not a minor (nor was she a minor when the alleged conduct took place), she does not challenge any governmental activity, and the case will not compel her to disclose an intention to violate the law. And, despite Plaintiff's argument to the contrary, the matter does not

3

involve disclosure of information of the "utmost intimacy." Plaintiff does **not** bring a claim of sexual assault against Defendant, nor does she allege she was physically assaulted in any way. In her Complaint, she claims she "made no allegation that Dr. Fechter physically punched her." (Doc. #1, ¶83.) In Paragraph 25, she makes a single allegation of physical contact from her former peer: "On several occasions, Dr. Fechter has touched Plaintiff inappropriately, coming up behind her and rubbing her shoulders and back." (Doc. #1, ¶25.) There are no allegations in the Complaint which amount to sexual assault or sexual abuse. Rather, Plaintiff alleges she was *harassed*, not sexually assaulted – a key distinction. Even assuming the allegations in Plaintiff's Complaint are true (which Defendant adamantly denies), they simply do not rise to a matter of "utmost intimacy," as that term has been defined and analyzed by courts in the Sixth Circuit and elsewhere. Nor do Plaintiff's unsupported and vague concerns about her lawsuit's potential effect on her professional career warrant anonymity. The fact that Plaintiff's former co-worker's alleged behavior made her uncomfortable – absent more – simply does not justify deviating from Fed. R. Civ. P. 10 ("The title of a complaint must name all parties") nor the public's common law right of access to court proceedings.

Courts have recently held in cases with allegations of far more intimate circumstances. *See K.R.B. v. Elizabethtown Indep. Sch. Dist.*, W.D. Ky. No. 3:17-CV-00605-GNS, 2017 U.S. Dist. LEXIS 226548 (Dec. 7, 2022) (denying plaintiffs' motion to proceed anonymously where alleged victims of child pornography scheme filed complaint for damages as adults, finding "their concerns do not substantially outweigh the presumption of open judicial proceedings."); *see also Doe v. Univ. of Akron*, N.D. Ohio No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, at *11 (Feb. 3, 2016) (denying law student plaintiff's motion to proceed pseudonymously, noting plaintiff's desire to litigate case anonymously based on concerns about stigma and damage to

4

reputation did not justify departure from open proceedings); *see also Doe v. Juan Gonzales Agency Corp.*, S.D. NY No. 21-CV-00610, 2022 U.S. Dist. LEXIS 138996, at *7 (Aug. 4, 2022) (requiring plaintiff, who alleged her supervisors made sexual advances toward her, raped her, and retaliated against her, to amend complaint to include real name, noting "Plaintiff has not shown circumstances differentiating her case from numerous others….where courts have required plaintiffs in sexual assault cases to reveal their first names.").

The authority cited by Plaintiff in her Motion present factual scenarios *much* different and much more egregious than those alleged in this case. In *Doe v. Porter,* the court permitted the plaintiffs, who were children, to proceed anonymously where their suit challenged governmental activity and involved religion (a "quintessential private matter," according to the court). In *A.M.S. v. Steele*, the court permitted plaintiff to proceed anonymously where she had alleged the defendant abducted her sons and extorted sexual favors from her. *A.M.S. v. Steele*, S.D. Ohio No. 1:11-cv-298, 2011 U.S. Dist. LEXIS 52948 (May 17, 2011). Relying on the notion that courts have granted anonymity to protect the identity of sexual assault victims, the court allowed the plaintiff to do so. *Id.* In *NMIC Ins. Co. v. Smith*, the court permitted the plaintiff to proceed anonymously where she alleged a doctor committed assault, battery, and sexual misconduct against her; the court also noted the plaintiff had kept her identity private in related criminal and civil lawsuits. *NMIC Ins. Co. v. Smith*, S.D. Ohio No. 2:18-cv-533, 2018 U.S. Dist. LEXIS 224759 (Oct. 24, 2018). In *K.G. v. Bd. of Educ.*, the court permitted a plaintiff to proceed under a pseudonym where they were a minor at the time of the underlying events (in which the accused engaged in alleged sexual touching and sending abusive and sexual communications) and the case involved a governmental entity (the Board of Education). *K.G. v. Bd. of Educ.*, E.D. Ky. No. 5:18-cv-555-JMH, 2019 U.S. Dist. LEXIS 158674 (Sept. 18, 2019).

The court reasoned that the "vulnerability of children is of special concern.." and, "taken together," the factors weighed in favor of continued anonymity. *Id*., at *12.

No such facts exist here. Plaintiff offers no facts or circumstances that distinguish her case from a routine discrimination and/or retaliation case. Indeed, if the Court granted her request, virtually all claims of adult sexual harassment would *ipso facto* proceed anonymously. This notion further undermines Plaintiff's argument, and justifies the Court's dismissal of her Motion.

### C. Defendant Will Suffer Prejudice If Plaintiff Proceeds Anonymously.

That Defendant is already aware of Plaintiff's identity is not enough to negate the prejudice Defendant will face during litigation if Plaintiff is permitted to proceed anonymously, including hindrance of its ability to call third-party witnesses, file documents with the Court, and take the case through trial. *See Doe v. Delta Airlines, Inc*., 310 F.R.D. 222, 225 (S.D. N.Y. 2015) ("If plaintiff were permitted to prosecute this case anonymously at trial, [defendant] would be placed at a serious disadvantage, for it would be required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity."). Moreover, concealing the identity of a party may deprive the other party – and the court – of the chance that a yet unknown witness would know to step forward with valuable information about the events and/or credibility of witnesses. *Ramsbottom*, 2021 U.S. Dist. LEXIS 119989, at **15-16 (June 28, 2021), citing *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). And, based on the nature of Plaintiff's allegations, Defendant has already suffered reputational damage, which is difficult to mitigate if Plaintiffs' identify remains unknown. *Id*., *Ramsbottom*, at *15. Plaintiff's federal court complaint is not some unflattering posting in an internet comment section. Indeed, it would violate both the letter and spirit of Fed. R. Civ. P. 10(a) to permit her to publicly identify and

attack the character of specific individuals without also identifying herself. Accordingly, the Court should not permit Plaintiff to proceed anonymously.

### III. <u>CONCLUSION</u>

For all of the aforementioned reasons, there is no justification to depart from the longstanding notion of open judicial proceeding in this matter. To force Defendant to defend itself against serious allegations of sexual harassment and retaliation, among others, in the public arena while Plaintiff proceeds behind a cloak of anonymity is both unjustified and unfair. Defendant respectfully requests that the Court deny Plaintiff's Motion.

      Respectfully submitted,

      <u>/s/ Sarah K. Squillante</u>
      John M. Stephen, Trial Attorney (0022947)
      Sarah K. Squillante (0096705)
      Porter, Wright, Morris & Arthur LLP
      41 South High Street – Suite 3100
      Columbus, OH 43215
      Phone: (614) 227-2000
      Fax:   (614) 227-2100
      Email: jstephen@porterwright.com
             ssquillante@porterwright.com

      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

It is certified that the foregoing *Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Proceed Anonymously* has been filed via the electronic filing system on this 29th day of November, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties registered to receive electronic notice, including:

> Rachel Sabo Friedmann
> The Friedmann Firm LLC
> 3740 Ridge Mill Drive
> Hilliard, Ohio 43026
> rachel@thefriedmannfirm.com
> *Attorney for Plaintiff*

>>> */s/ Sarah K. Squillante*
>>> An Attorney for Defendant

21514952v3