IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,

      Plaintiff,

  v.                                                   Civil Action 2:22-cv-3919
                                                         Judge Edmund A. Sargus, Jr.
                                                         Magistrate Judge Jolson

FAIRFIELD MEDICAL CENTER,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 5). For the following reasons, the Motion is **DENIED**. Plaintiff is **ORDERED** to refile her Complaint with her name within **seven (7) days** the date of this Opinion and Order.

**I.    BACKGROUND**

Plaintiff initiated the present action with a Complaint filed under the pseudonym Jane Doe. (Doc. 1). Shortly thereafter, she brought the Motion now before the Court, requesting leave to proceed anonymously through the entirety of the case. (Doc. 5). The Motion has been fully briefed and is ripe for consideration. (Docs. 7, 8).

**II.    STANDARD**

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in

nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

**III. DISCUSSION**

Plaintiff says the second *Porter* factor supports her Motion, and that if not permitted to proceed anonymously, she will be compelled to disclose information of the utmost intimacy. (Doc. 5 at 3). Namely, she says that because her suit involves allegations of sexual harassment in the workplace, she will be compelled "to reveal particularly sensitive information of a sexual nature that would lead to public embarrassment and affect her professionally." (*Id.*). Defendant responds that the allegations contained in the Complaint do not rise to the level of utmost intimacy as it has been defined by courts. The Court agrees with Defendant.

The utmost-intimacy exception is typically invoked in cases involving sexual assault. Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich.

2

July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Indeed, of the supporting caselaw cited by Plaintiff in her Motion, two of the cases centered allegations of sexual assault, while a third involved a minor student, a particularly vulnerable party. (Doc. 5 at 3–4) (citing *K.G. v. Bd. of Educ.*, No. 5:18-cv-555-JMH, 2019 WL 4467638 (S.D. Ohio Sep. 18, 2019); *A.M.S. v. Steele*, No. 1:11-cv-298, 2011 U.S. Dist. LEXIS 52948 (S.D. Ohio May 17, 2011); *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001)).

Simply put, Plaintiff's Complaint—which includes no allegations of sexual assault—does not rise to the level of utmost intimacy. Nor is Plaintiff a particularly vulnerable party. While the Court does not doubt that, as Plaintiff says, the disclosure of facts in this case might cause her embarrassment or future adverse employment consequences if accessed by potential employers, the same might be said of most, if not all, litigants alleging employment discrimination. Here, Plaintiff's privacy interests cannot outweigh the presumption in favor of openness.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 5) is **DENIED**. Plaintiff is **ORDERED** to refile her Complaint with her name within **seven (7) days** the date of this Opinion and Order.

Date: January 9, 2023             /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE